UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

TRISHA HAIGHT,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No.: 1:15-CV-00266-AC

OPINION AND
ORDER

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Trisha R. Haight's ("Haight's") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 30, ("Motion").) Although Haight is the claimant in this case, the real party in interest to this motion is her attorney Tim Wilborn ("Wilborn"). The Commissioner of the Social Security Administration (the "Commissioner") does

not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[ ]." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Wilborn is entitled to fees under Section 406(b) in the amount of $12,379.63, less the Equal Access to Justice Act (28 U.S.C. § 2412) ("EAJA") fees already awarded in the amount of $5,232.70, for a total amount of $7,146.93.

*Procedural Background*

Haight filed her applications for Disability Insurance and Supplemental Security Income ("SSI") disability benefits on March 25, 2011, alleging an onset date of February 4, 2011. (Pl.'s Br., ECF No. 16, at 1–2.) Her initial applications were denied, as were reconsiderations of her applications. (*Id.*) On May 20, 2013, an Administrative Law Judge ("ALJ") issued an opinion in which she found Haight not disabled, and, therefore, not entitled to benefits. (*Id.*) The ALJ engaged in a five-step sequential evaluation process used to evaluate SSI claims. The ALJ found Haight: (1) suffered from fibromyalgia, lower back pain, vertigo, somatoform disorder, dysthymia, and substance abuse; (2) retained the residual functional capacity to perform light work; and (3) was able to return to her past relevant work as a general office clerk. (*Id.* at 9.) Accordingly, the ALJ determined Haight was not disabled between her onset date of February 4, 2011 and May 20, 2013. That decision became the final decision of the Commissioner on December 15, 2014, when the Appeals Council denied Haight's request for review. (*Id.* at 2.)

Haight sought review of the Commissioner's decision by filing a complaint in this court on February 14, 2015. (Complaint, ECF No. 1.) Haight alleged the ALJ erred in three respects: (1) rejecting the medical evidence; (2) failing to comply with regulations and rulings that govern the evaluation of mental impairments; and (3) improperly addressing the lay witness statement. (*Id.* at

10, 11, 15.) Additionally, Haight asserted that the ALJ's vocational hypothetical was invalid. (*Id.* at 18.) Both parties stipulated that the case be reversed and remanded to the Commisssioner. (ECF No. 23.) Accordingly, on January 12, 2016, this court issued an Order for Remand, accepting Haight's arguments and submitting the Commissioner's decision for further administrative proceedings. (ECF No. 24.) Benefits were awarded in the amount of $51,902.00.

On April 1, 2016, Haight filed a Motion & Memorandum for Award of Fees Pursuant to the Equal Access to Justice Act (ECF No. 26) ("Motion for EAJA fees") in the amount of $5,232.70. On April 5, 2016, this court entered an Order (ECF No. 29) granting Haight's request for fees pursuant to the EAJA in the full amount stipulated by the parties. Haight filed the instant motion for attorney fees in the amount of $12,379.63 under Section 406(b) on August 27, 2017. This amount is to be reduced by the funds Wilborn already has recovered under the EAJA, bringing the net amount requested to $7,146.93. The Commissioner does not oppose the fees.

*Discussion*

The parties do not dispute Haight is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Wilborn requests as attorney fees. Nevertheless, because the Commissioner does not have a direct stake in the allocation of Wilborn's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Wilborn from potentially receiving a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not

in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2017). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07–1645–AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010) (quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009 WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent fee agreement to determine whether it is within the statutory twenty-five percent cap. Haight and Wilborn executed a contingent fee agreement, that provided if Wilborn obtained payment of past due benefits, Haight would pay him up to twenty-five percent of the past due benefits awarded. (Motion, Ex. 1, at 9.) The terms of this agreement are thus within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Haight. Wilborn provided a document from the Social Security Administration (the "Administration") entitled "Notice of Award," detailing the retroactive benefits due Haight and states it has withheld $12,975.00 in reserve to pay any attorney fees awarded by the court, which represents twenty-five percent of the past due benefits. (Motion, Ex. 1, at 4.) Wilborn seeks nearly

the full amount withheld, asserting Haight's retroactive benefits equaled approximately $51,902.00, an amount consistent with the sum withheld by the Administration for attorney fees. (Motion, Ex. 1, at 3.) After determining the fee agreement and the amount requested are in accordance with the statutory limits, the court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Id.* at *12. If obtaining benefits always supported awarding fees for the maximum amount provided for by statute, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808). Here, Wilborn seeks nearly twenty-five percent of the past due benefits, the full amount of the statutory cap.

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay

attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151–53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." *Id.* at 1153.

*A. The Character of Representation*

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, provides no basis for a reduction in the requested Section 406(b) fee due to the character of Wilborn's representation. In fact, Wilborn prevailed and earned a remand for an immediate award of benefits.

*B. Results Achieved*

The court ordered a remand of Haight's claim for immediate calculation and award of benefits. This was the best result available.

*C. Undue Delays*

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Haight's opening brief was filed on October 2, 2015, after Wilborn requested and received a 47-day extension necessitated by a heavy work load and planned vacation. The

PAGE 6 - OPINION AND ORDER {MS}

Commissioner filed the response brief timely on January 11, 2016, after the Commissioner requested and received two extensions of 30 days and 21 days, respectively.

This action was resolved within two and one-half years, due to requests for extension of time from both parties. The pendency of this action did not exceed the normal time span of similar actions. Wilborn's single request for an extension of time extended the action by one and one-half months. The delay was not disproportionately long in relation to the overall pendency of the action and was neither unreasonable nor unfounded. Nothing in the record suggests the delay attributable to Wilborn was "undue." Accordingly, a reduction of Wilborn's fee request is unwarranted under this factor.

*D. Proportionality*

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Wilborn filed a nineteen-page opening brief asserting four errors by the ALJ. Wilborn argued the matter should be remanded to the Commissioner for an immediate award of benefits or, in the alternative, for further proceedings. Wilborn prevailed in his arguments and this court remanded the matter for further administrative consideration, which ultimately resulted in an award of benefits.

According to the Administration's Notice of Award, Haight is entitled to $51,902.00 in retroactive benefits. (Motion, Ex. 1, at 3.) Wilborn reports, and the time records confirm, he expended twenty-seven and one-half hours representing Haight in this matter. (Motion for EAJA

Fees, Ex. 1, at 2.) This time expenditure is consistent with the twenty-to-forty-hour range Chief Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Wilborn currently seeks $12,379.63 — the full amount allowable by statute — in attorney fees for his representation of Haight before this court, which results in an effective hourly rate of $450.17. This hourly rate is justified by the results Wilborn achieved, and is substantially less than those recently found reasonable for Wilborn's services by other judges in this district. *See, e.g., Thorslev v. Comm'r*, No. 3:14-cv-01003-SU (D. Or. Oct. 24, 2016) (effective hourly rate of $1,000.00); *Shipley v. Colvin*, No. 1:14-cv-01360-SU, 2016 WL 5419422 (D. Or. Sept. 27, 2016) (effective hourly rate of $927.21); *McKenzie v. Comm'r*, No. 6:12-cv-02167-MC (D. Or. Mar. 15, 2016) (effective hourly rate of $1,000.00); *Scherer-Huston v. Comm'r*, No. 1:14-cv-00688-HZ (D. Or. Sept. 3, 2015) (effective hourly rate of $870.81); *Irwin v. Colvin*, No. 2:13-cv-01927-MC (D. Or. Mar. 17, 2015) (effective hourly rate of $1,008.84); *Rauh v. Comm'r*, No. 3:10-cv-00659-HA (D. Or. Feb. 11, 2014) (effective hourly rate of $955.82); *Griffin v. Comm'r*, No. 3:10-cv-00729-PK (D. Or. Jan. 17, 2014) (effective hourly rate of $1,000.00); *Miller v. Comm'r*, No. 3:10-cv-00727-BR (D. Or. Dec. 5, 2013) (effective hourly rate of $970.99); *Breedlove v. Astrue*, No. 3:07-cv-01743-AC, 2011 WL 2531174 (D. Or. June 24, 2011) (effective hourly rate of $1,041.84); *Lynch v. Comm'r*, No. 3:09-cv-00871-JE (D. Or. May 31, 2011) (effective hourly rate of $937.70); *Heim v. Comm'r*, No. 6:08-cv-00118-HO (D. Or. Nov. 8, 2010) (effective hourly rate of $942.25).

*E. Risk*

Wilborn references the substantial risk of nonpayment and the significant delay in payment undertaken by Social Security practitioners, citing *Crawford v. Astrue*, 586 F.3d at 1152 ("The

attorneys assumed significant risk in accepting these cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases."). He also describes the risks unique to this case, emphasizing that his decision to accept the case ran counter to the advice of his intake attorney. Many of the issues Wilborn raised on Haight's behalf are routine in Social Security cases. Yet, the outcome in this case was far from assured, as evidenced by the Commissioner's willingness to stipulate to remand only after Haight filed her opening brief. In contrast, in *Crawford* the Commissioner stipulated to remand without the necessity of the claimants filing an opening brief. *Crawford*, 586 F.3d at 1158. While the outcome here was far from assured, Wilborn nevertheless took on the dual risks of nonpayment and loss when he accepted the case. Accordingly, the court finds no reduction of the request fee is warranted based on the risk and complexity of the case.

III. EAJA Reduction

As mentioned above, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796. This requirement effectively increases "the [amount of the total past-due benefits the claimant actually receives] . . . by the . . . EAJA award." *Id.* Here, the court has already awarded Wilborn an EAJA fee, in the amount of $5,232.70. This court now awards Wilborn $12,379.63 in attorney fees. Thus, the EAJA award is the smaller of the two awards, and it must be refunded to Haight.

Wilborn, however, need not be the party to refund Haight. The Administration is currently withholding $12,975.00 of Haight's retroactive payments to pay Wilborn any attorney fees ultimately awarded him. This court orders the Administration to reduce the amount it withholds from Haight's

retroactive payments from $12,975.00 to $7,146.93, and to pay Wilborn's attorney fees from the remaining amount withheld. Doing so ensures both that Haight receives the appropriate total amount of retroactive payments and that Wilborn is paid the proper amount in attorney fees.

*Conclusion*

For the reasons stated, Haight's Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) (ECF No. 30) in the amount of $12,379.63 is GRANTED. However, this award should be offset by the entire EAJA recovery already awarded to Wilborn, in the amount of $5,232.70. Thus, Wilborn's total attorney fees award is $7,146.93.

IT IS SO ORDERED.

DATED this 30th day of January, 2018.

JOHN V. ACOSTA
United States Magistrate Judge